UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN TERRELL PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-00858 AGF |
| | ) | |
| POTOSI CORR. CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff Ryan Patterson's amended complaint. [ECF No. 15]. For the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Plaintiff Ryan Patterson is an inmate at Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. [ECF No. 1]. He filed this action on June 20, 2024, against six defendants. *Id.* Because the complaint lacked a cohesive "Statement of Claim" and suffered from several additional defects, the Court, on October 7, 2024, ordered plaintiff to file an amended complaint on a Court-form. [ECF No. 13]. In that same Memorandum and Order, the Court simultaneously granted plaintiff's motion to proceed in forma pauperis, assessed an initial

partial filing fee of $308.83 and denied plaintiff's motion for appointment of counsel. *See id*. Plaintiff filed an amended complaint in this matter on November 1, 2024. [ECF No. 15].

**Plaintiff's Motions Filed Simultaneously with the Amended Complaint**

On the same date plaintiff filed his amended complaint, he also filed a motion for extension of time to pay the initial partial filing fee of $308.83, and he filed a motion for injunctive relief. [ECF Nos. 16 and 17]. Moreover, attached to the amended complaint are motions for "more forms" and "for copies." [ECF No. 15-1 and 15-2].

In plaintiff's motion for extension of time to pay the filing fee, ECF No. 16, plaintiff states that he has requested "green checks" be issued to the Court to pay his filing fee, but that the checks have not yet been issued. He seeks an additional thirty (30) days to pay the initial partial filing fee as a result. The Court will grant plaintiff's request for extension of time. Plaintiff's initial partial payment of the filing fee will be due no later than thirty (30) days from the date of this Memorandum and Order.

In plaintiff's motion for injunctive relief, ECF No. 17, he states that he is having difficulty getting ERDCC to provide him with materials to "properly defend [himself]" with relation to his claims in his amended complaint against Potosi Correctional Center (PCC). Plaintiff states in a conclusory manner that his access to court is being hindered. However, he fails to indicate what is occurring at ERDCC to allegedly hinder his access to the court. Additionally, plaintiff has not indicated who is purportedly stopping him from accessing the law library, legal materials or the mail system. Last, he does not state the relief he expects from this Court relative to his "Injunction Motion." The Court will address the motion for injunction separately herein.

In plaintiff's motion for more forms, ECF No. 15-1, he states that he would like to have an additional form motion for appointment of counsel sent to him, as well as "other forms of

waivers [and] reply forms that I do not know the names of to request for." He states that he had a prior case dismissed because he did not know that he should seek forms in that case. The Court will provide plaintiff with a form motion for seeking appointment of counsel. Additionally, the Court will also instruct the Clerk to provide plaintiff with a Court-form for filing a prisoner § 1983 action. However, the Court is unsure of the type of "waiver" form he is seeking. In an abundance of caution, however, the Court will instruct the Clerk to provide plaintiff with a copy of this Court's Local Rules.

Last, in plaintiff's motion for copies, ECF No. 15-2, he states that he would like the Court to provide him with either a copy or the original of all the motions he filed in this action. Defendants have not yet been served in this matter. As such, plaintiff's filings, and this Court's Orders, are the only docket entries made in this case. The Court will instruct the Clerk to provide plaintiff with a printout of the Court docket. The Court expects plaintiff to keep his own copies of each document he sends to the Court. However, in this instance, the Court will have the Clerk provide plaintiff with a copy of the Court's three prior Orders in this matter, entered on July 2, 2024, July 8, 2024, and October 7, 2024. [ECF Nos. 5, 7 and 13]. In the future, plaintiff will be required to pay for all copies he requests unless he shows good cause for waiver.

### The Amended Complaint

Plaintiff Ryan Patterson is a Missouri State prisoner incarcerated at Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. He filed his amended complaint pursuant to 42 U.S.C. § 1983 against Potosi Correctional Center (PCC). [ECF No. 15].

Plaintiff's amended complaint against PCC is somewhat difficult to discern. Although he was told in the Court's October 7, 2024 Memorandum and Order, ECF No. 13, that he could not

4

simply list multiple unrelated claims for relief in his amended complaint, he has once again done so. The Court will do its best to list plaintiff's numerous claims for relief against defendant PCC.

Plaintiff indicates that he is suing PCC for "physical and mental torture." He states that that food is inedible at the prison, he was "assaulted" three different times by unnamed PCC staff members on undisclosed dates, that he received inadequate medical care and that he "lived in fear" while being held at PCC. Plaintiff also states that unnamed persons at PCC kept him from practicing his unnamed religion and "tried to tell [him he] had the wrong faith that [he] practice[d] a false god." Additionally, he claims that he was chained to a metal bench by unnamed persons on an undisclosed date for "so long" that his shoulder popped out of socket. Plaintiff, however, fails to provide any additional information relative to this incident, except to state that he was not taken for medical care after he hurt his shoulder.

Plaintiff next states in a conclusory fashion that he was, at an undisclosed point in time, placed in a cell that had "urine from somebody else" everywhere. He states that even though the cell was cleaned by hazmat the next day it still smelled. Plaintiff does not provide any additional information relative to this incident.

Plaintiff claims that persons from "mental health" at PCC "punish[ed]" him. He claims that on an undisclosed date he was stripped of clothing, placed in a suicide cell, with no call light and a toilet that did not flush. Plaintiff states that the cell was so cold that his teeth chattered so much that some were "broken off." He asserts that an unnamed officer watched him bang his head against the wall while he was in the suicide cell, but the officer failed to stop him from hurting himself. However, plaintiff fails to articulate who placed him in the suicide cell, how long he was left there, if he received medical care from his injuries after being in the cell and whether he reported the mental health and correctional officers who allegedly failed to provide him with care.

Plaintiff next asserts that some of his possessions, which he fails to name, were taken by undisclosed persons at PCC "unlawfully." He also claims he was treated "differently" than other inmates, but he fails to elaborate on his claim. He asserts that he was "left in the shower" "for hours" on at least one occasion, but he fails to indicate who at PCC did so. And he alleges that he was placed "in the hole" with a 24-hour light (presumably disciplinary segregation or protective custody), for "like almost 8 months." Again, plaintiff fails to articulate who placed him in segregation, allegedly violated his rights or purportedly failed to respond to his needs.

Plaintiff alleges that on an undisclosed date he "suffered heart attacks," an "unhealthy weightloss [sic]," nightmares and had his communication with friends and family blocked. Plaintiff again fails to indicate who at PCC acted unlawfully or when these incidents allegedly occurred. Plaintiff also complains in a conclusory fashion that the air quality at PCC is poor, and the kitchen has rats.

Last, plaintiff states that he was forced to beat up another inmate at PCC because an unnamed nurse at PCC told him that the inmate was a "baby killer" and he got scared, so he "had to defend" himself.

For relief, plaintiff seeks compensatory and punitive damages. He states that his claims are against "the whole facility" because they are not "rehabilitating inmates."

## Discussion

Plaintiff brings this action against Potosi Correctional Center (PCC) under 42 U.S.C. § 1983.  PCC, as a Missouri Department of Corrections facility, is an arm or division of the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, a State is not a 'person' under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

*See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). Therefore, plaintiff may not sustain a claim for damages against PCC.[1]

In addition, the Eleventh Amendment[2] bars suit against a State and its agencies. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal quotation and citation omitted)). Based on the aforementioned, plaintiff cannot sustain a claim against defendant PCC.

### Motion for Injunctive Relief

Plaintiff filed a document titled, "Injunction Motion" simultaneously with his amended complaint. [ECF No. 17]. In plaintiff's motion for injunctive relief, he states that he is having difficulty getting ERDCC to provide him with materials to "properly defend [himself]." Plaintiff states in a conclusory manner that his access to court is being hindered. However, he fails to

---

[1] Although plaintiff does not seek injunctive relief from PCC, he has filed a separate motion for injunctive relief relative to ERDCC. The Court will address plaintiff's claims for injunctive relief, *infra*.

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

indicate what is occurring at ERDCC to allegedly hinder his access to the court. Additionally, plaintiff has not indicated who is purportedly stopping him from accessing the law library, legal materials or the mail system. Last, he does not state the relief he expects or wants from this Court relative to his "Injunction Motion."

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1222 (8th Cir. 1986). The same standard is applied to a request for a temporary restraining order. *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project,* 877 F.2d 707, 708 (8th Cir. 1989) (affirming district court's application of *Dataphase* factors to a motion for a temporary restraining order).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists." *Id*. at 521. Furthermore, the "danger must be more than a mere possibility." *Id*.  Regarding the issue of whether a situation is ripe for injunctive relief,

8

the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*. Plaintiff has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Because plaintiff does not indicate what materials he is seeking from ERDCC that are relevant to the present lawsuit, the Court cannot sustain his motion for injunctive relief. As set forth above, all the claims in the present lawsuit are brought against plaintiff's prior place of incarceration, Potosi Correctional Center. "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the amended complaint.

Additionally, plaintiff provided his amended complaint to the Court in a timely manner, and he articulated his cause of action against PCC in not only his amended complaint, but also in several other motions before the Court. Thus, the Court cannot find that his access to Court against PCC, the only named defendant in this lawsuit, has been hindered.[3] Additionally, as stated above,

---

[3] "To prove a violation of the right of meaningful access to the courts, a prisoner must establish [that] the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). To prove actual injury, the plaintiff must demonstrate that a nonfrivolous legal claim has been frustrated or is being impeded. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Plaintiff has not alleged that his right to bring a nonfrivolous legal claim against PCC has been frustrated.

9

the Court has found that plaintiff is unable to sustain a claim for relief against defendant PCC. Thus, the Court finds that plaintiff's motion for injunctive relief must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a **thirty-day** extension of time to pay the initial partial filing fee of $308.83 [ECF No. 16] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $308.83 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunction [ECF No. 17] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, as well as a form motion for seeking appointment of counsel in a civil case. The Clerk shall also provide plaintiff a copy of the Court's Local Rules.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a printout of the Court's docket, as well as copies of the Court's Orders entered July 2, 2024, July 8, 2024, and October 7, 2024. [ECF Nos. 5, 7 and 13].

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as this matter is **DISMISSED** for failure to state a claim and frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 18th day of November, 2024.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE